IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Phillip Asher, | C/A No. 0:17-1650-TMC-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| United States Department of Justice, *United States Marshals - District of South Carolina 901 Richland Street, Suite 1300, Columbia, SC*, | |
| Defendant. | |

The plaintiff, Phillip Asher, a self-represented federal pretrial detainee, brings this civil rights action pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc, et seq. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915; § 1915A. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Amended Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

**I.     Procedural Background**

Plaintiff indicates he was arrested by the FBI on June 8, 2017 and is currently being held in the Lexington County Detention Center. Plaintiff states that he is Jewish, and he claims that during the five occasions that he has appeared at the federal courthouse since his arrest, the United States Marshals refused to provide him with a kosher meal for lunch, telling him that they require a court

order. Plaintiff asks the court to issue injunctive relief pursuant to RLUIPA, ordering the United States Marshals to provide him with kosher meals.[1]

II.     Discussion

   A.      **Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity. See McLean v. United States, 566 F.3d 391 (4th Cir. 2009). Section 1915A requires, and § 1915 allows, a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts

---

[1] Plaintiff also filed a motion for a preliminary injunction, seeking the same relief. (ECF No. 5.) In light of the court's recommendation that the Amended Complaint be summarily dismissed, the court also recommends that Plaintiff's motion for a preliminary injunction be terminated.



which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.      Analysis**

RLUIPA provides that "no government shall impose a substantial burden on the religious exercise" of a person detained in a jail or pretrial detention facility "unless the government demonstrates that imposition of the burden on that person is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). A litigant may assert a violation of RLUIPA as a claim or defense in a judicial proceeding to obtain appropriate relief against a government. 42 U.S.C. § 2000cc-2(a). RLUIPA defines government as "(i) a State, county, municipality, or other governmental entity created under the authority of a State; (ii) any branch, department, agency, instrumentality, or official of an entity listed in clause (i); and (iii) any other person acting under color of State law[.]" 42 U.S.C. § 2000cc-5(4)(A). However, RLUIPA's provision allowing a plaintiff to assert a violation of RLUIPA as a claim or defense in a judicial proceeding does not apply to the federal government. See 42 U.S.C. § 2000cc-5(4)(B); Navajo Nation v. U.S. Forest Serv., 535 F.3d 1058, 1077 (9th Cir. 2008) ("RLUIPA, by its terms, prohibits only state and local governments from applying regulations that govern land use or institutionalized persons to impose a "substantial burden" on the exercise of religion."); see also Garraway v. Lappin, 490 F. App'x 440, 443 n.2 (3d Cir. 2012) (finding district court properly dismissed the plaintiff's RLUIPA claims because RLUIPA does not apply to federal government action); Rogers v. United States, 696 F. Supp. 2d 472, 486 (W.D. Penn. 2010). Consequently, Plaintiff's Amended Complaint that seeks

PJG

injunctive relief under RLUIPA against the defendant, a federal agency, fails to state a claim upon which relief can be granted.[2]

**III.    Conclusion**

For the foregoing reasons, it is recommended that the Amended Complaint be dismissed without prejudice and without issuance and service of process.

_____
August 31, 2017                                          Paige J. Gossett
Columbia, South Carolina                       UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached*
*"Notice of Right to File Objections to Report and Recommendation."*

---

[2] Plaintiff's Amended Complaint provides no indication that he is attempting to assert a constitutional claim; but even if he were, the facts pled fail to plausibly state a claim for such relief. See Iqbal, 556 U.S. at 684.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).